Jack Stanislaw, J.
This article 78 proceeding is commenced to review a determination of respondent, Administrator of the City Bent and Rehabilitation Administration (“ Administration ”), affecting the rental of apartment 5D of petitioner’s 72-family apartment building, located in the County of Queens.
On October 30, 1963, petitioner’s predecessor in title, Sunny-side Apartments, Inc., leased apartment 5D to tenant Karp for a two-year period commencing November 1, 1963, at a monthly rental of $76.62 (representing a 15% increase over the then existing maximum rental of $57.20, plus an allowance for increased service). At the time of the execution of said lease, a proceeding instituted by Sunnyside Apartments, Inc., as landlord of the premises, for a building-wide rent increase pursuant to section 33.5 of the New York City Rent, Eviction and Rehabilitation Regulations, was pending before the Administration. That proceeding resulted in a determination that, with respect to apartment 5D, the landlord was entitled to an increase of $7.43 above the prior maximum rental of $57.20 and an order to that effect, dated March 31, 1964, was issued by the Administration.
Pursuant to Administrator’s Interpretation No. 3, however, in order for a landlord to be entitled to such increase, if a lease *180 for the apartment had been executed after January 1, 1963, it must contain a clause (“savings consent clause”) reciting: (1) that “ at the time of its execution the tenant was advised by the landlord that an application described by docket number or date of filing of application with the District Rent and Rehabilitation Office was pending before the City Rent and Rehabilitation Administration for an increase of the maximum rent in effect prior to the execution of such lease pursuant to the provisions of Section 33.5 of the Regulations ”; and (2) that the tenant has consented to such increase.
Upon examination of the Karp lease, for apartment 5D, which was submitted by the landlord to the District Rent Director after the issuance of the order authorizing the $7.42 increase, it became apparent that: (1) the lease was executed after January 1,1963; and (2) it did not contain a savings consent clause in the form described under Administrator’s Interpretation No. 3. In lieu thereof, it stated: ‘ ‘ Any increase granted by the rent commission will automatically become part of this lease ”.
As a result, the March 31, 1964 order (allowing the $7.42 increase) was revoked by order dated April 3, 1964. Although said order of revocation did not affect the $76.62 monthly rental recited in the lease (which included a 15% increase over the former maximum rent), it precluded the landlord from adding the $7.43 to the $76.62, stated in the Karp lease, for the rental of apartment 5D (which increase would have been allowed, at the expiration of the two-year lease period, if said lease, executed on October 30, 1963, when the proceeding for such increase was still pending, had contained an appropriate savings consent clause).
Petitioner acquired title to the premises on June 18, 1964 and on November 1, 1965, entered into a new lease for apartment 5D with tenant Mueller, at a monthly rental of $98.15. Petitioner arrived at this figure by adding 15% to $84.05 ($76.62 plus $7.43), plus an additional $1.50 for supplying certain storm and screen windows. Respondent then issued an order disallowing that rental, on the ground that the maximum permissible monthly rental for said apartment is only $89.61 (based upon a 15% increase on the prior rental of $76.62, instead of the $84.05 figure used by petitioner).
Respondent not only contends that its ruling is valid but that petitioner is precluded from seeking judicial review of the April 3,1964 order (which revoked the monthly increase of $7.43), since no protest was filed within the 30-day period permitted by law.
Petitioner urges, however, that it is entitled to rely on the March 31, 1964 order (authorizing the increase from $76.62 to *181 $84.05 per month), since it never received a copy of the April 3, 1964 order. It is conceded, however, that copies of both the March and April, 1964, orders were mailed to its predecessor in title. The April order was addressed to Snnnyside Apartments, Inc., in care of its attorneys. Since petitioner did not acquire title to the premises until June 18,1964, it is without grounds to attack the validity of service of said April 3, 1964 order. Said service was properly made (N. Y. City Rent, Eviction and Rehabilitation Regulations, § 46). That order is not only binding and conclusive with respect to petitioner’s predecessor but with respect to petitioner as well.
Although this proceeding may properly be dismissed on that ground alone, petitioner further argues that the order of revocation should be rescinded, claiming it is arbitrary and capricious, since clause 27 of the Karp lease (“ Any increase granted by the rent commission will automatically become part of this lease ”) is a satisfactory savings consent clause. We do not agree. In our opinion, the language employed in the Karp lease is totally insufficient to apprise a tenant that the landlord has commenced a proceeding, for an increase in rent, which is presently pending before the City Rent and Rehabilitation Administration. The clause relied on by petitioner neither “ described [the pending proceeding] by docket number ’ ’ nor did it set forth the ‘ ‘ date of filing of the application with the District Rent and Rehabilitation Office ” as required by Administrator’s Interpretation No. 3. Failure to provide a recital of such notice in a lease for an apartment executed after the effective date of such requirement and during the pendency of a proceeding for an increase under section 33.5, precludes the landlord who applied for the increase, as well as its successor, from invoking the increase that would otherwise have been allowed as a result of the proceeding. (Matter of Ess Pee Bee Realty Corp. v. Gabel, 52 Misc 2d 1033, affd. 28 A D 2d 822, mot. for lv. to app. den. 20 NY 2d 644). The petition, therefore, is in all respects dismissed.